STATE OF RHODE ISLAND
PROVIDENCE, S.C.

SUPERIOR COURT

PAWTUCKET TRANSFER OPERATIONS, LLC

vs.

CITY OF PAWTUCKET, by and through its TREASURER, RONALD L. WUNSCHEL, CITY OF PAWTUCKET ZONING BOARD OF REVIEW, by and through its MEMBERS, MICHAEL CASSIDY, in his capacity as Director of the City of Pawtucket Planning and Redevelopment Commission,

C.A. No. 05-6028

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COMPLAINT**

**Parties**

1. Plaintiff, Pawtucket Transfer Operations, LLC (hereafter "PTO" or "Plaintiff"), is a limited liability company authorized to do business in the State of Rhode Island with offices located in the city of Warwick, Rhode Island.

2. Defendant, City of Pawtucket is a Rhode Island municipal corporation.

3. Defendant, City of Pawtucket Zoning Board of Review, is a municipal body authorized to review appeals taken by aggrieved parties from decisions of any zoning enforcement agency or officer or the City Planning Commission (hereafter "Zoning Board").

4. Defendant, Michael Cassidy is, upon information and belief, the Director of the City of Pawtucket Planning and Redevelopment Commission (hereafter "Planning Director").

215693

rue Copy Attest
Office of Clerk of Superior Co
Counties of Providence & Bri
Providence, Rhode Island

**Factual Allegations**

5. PTO has a leasehold interest in property owned by Providence and Worcester Railroad and located at City of Pawtucket tax assessor's plat 44, lot 559, which has a street address of 280 Pine Street, Pawtucket, Rhode Island (hereafter the "Subject Property").

6. The Subject Property is located in a Manufacturing Open (MO) zoning district in the City of Pawtucket.

7. "Refuse transfer station" and "Railroad" are specifically PERMITTED uses in MO zoning districts under the terms and provisions of the Pawtucket Zoning Ordinance.

8. PTO's business plan includes transferring non-petrucible refuse material and transloading other lawful commodities on an existing railway line that runs through the Subject Property.

9. In or about September 2002, Pawtucket Railway Hauling, LLC, a predecessor in interest to PTO, sought a Certificate of Zoning Compliance from the Director of the City of Pawtucket Division of Zoning and Code Enforcement (hereafter "Zoning Director"), pursuant to §410-96 of the Pawtucket Zoning Ordinance, relating to the use of the Subject Property as a "refuse transfer station".

10. On or about September 24, 2002, the Pawtucket Division of Zoning and Code Enforcement issued zoning certificate number 2002-113, and recorded same in the City of Pawtucket Land Evidence Records (a copy of said zoning certificate number 2002-113 is attached hereto and fully incorporated herein by reference).

11. Zoning certificate number 2002-113, above-referenced, stated that the applicant's proposed use of the Subject Property as a

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

"refuse transfer station" "conforms to the Zoning Ordinance of the City of Pawtucket, Rhode Island".

12. In or about February 2003, PTO itself sought a Certificate of Zoning Compliance from the Zoning Director pursuant to §410-96 of the Pawtucket Zoning Ordinance, relating to the use of the Subject Property as a "refuse transfer station".

13. On or about February 27, 2003, the Pawtucket Division of Zoning and Code Enforcement issued zoning certificate number 2003-29, and recorded same in the City of Pawtucket Land Evidence Records (a copy of said zoning certificate number 2003-29 is attached hereto and fully incorporated herein by reference).

14. Zoning certificate number 2003-29, above-referenced, stated that PTO's proposed use of the Subject Property as a "refuse transfer station" "conforms to the Zoning Ordinance of the City of Pawtucket, Rhode Island".

15. Zoning certificates 2002-113 and 2003-29 (hereafter collectively referred to as the "Zoning Certificates") were both issued by the Pawtucket Division of Zoning and Code Enforcement over the signature and pre-printed name of Todd Olbrych, the building official of the City of Pawtucket.

16. Upon information and belief, Todd Olbrych had actual and apparent authority to issue the Zoning Certificates for the City of Pawtucket.

17. Subsequent to the issuance of the Zoning Certificates, above-referenced, PTO expended substantial sums of money, made improvements to the Subject Property, and otherwise made business commitments in anticipation of conducting its business at the

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Subject Property.

18. But for the issuance of the Zoning Certificates, PTO would not have expended substantial sums of money, made improvements to the Subject Property, and otherwise made business commitments in anticipation of conducting its business at the Subject Property.

19. Subsequent to the issuance of the Zoning Certificates, PTO submitted an application for site plan review concerning the Subject Property to the Pawtucket Department of Planning and Redevelopment pursuant to local regulations.

20. PTO attached the Zoning Certificates, previously issued, to its application for site plan review.

21. In a letter dated July 12, 2004, the Defendant Planning Director rejected PTO's application for site plan review, which was submitted over a year earlier, as incomplete and stated that there was "some question as to whether the Certificate of Zoning Compliance that had been issued in February 2003 had correctly identified your <u>use</u> as an allowed <u>use</u>" (emphasis added).

22. The Defendant Planning Director further determined in said letter that the Pawtucket Zoning Ordinance only permitted public or semi-public refuse transfer stations in an MO zoning district under Section 410-12(5) of the Pawtucket Zoning Ordinance.

23. The July 12, 2004 determination of the Defendant Planning Director that the Division of Zoning and Code Enforcement was in error and his refusal to accept the Zoning Certificates was a usurpation of the legal authority of the Division of Zoning and Code Enforcement and was beyond his authority and ultra vires.

24. The Defendant Zoning Board, in Decision 04-61 rendered on or

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

about December 28, 2004, upheld the Defendant, Planning Director's decision, above-referenced, to revoke the previously issued Zoning Certificates.

25. The said decisions of the Defendants Planning Director and Zoning Board have adversely affected the rights of PTO.

26. As a direct and proximate result of the said decisions of the Defendants Planning Director and Zoning Board, PTO suffered and continues to suffer damages.

27. This action is brought pursuant to 42 U.S.C. § 1983 as PTO seeks, inter alia, to protect and insure its rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution; and Article One, Sections Two and Sixteen of the Rhode Island Constitution.

28. PTO alleges that the acts of the City of Pawtucket and its agents complained of herein violate the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution; and Article One, Sections Two and Sixteen of the Rhode Island Constitution.

**COUNT I**

**(Procedural Due Process)**

29. Plaintiff, PTO, reincorporates Paragraphs 1 through 28 as if fully realleged herein.

30. The Defendants unlawfully revoked the Zoning Certificates without authority and in violation of the procedural requirements set forth in the Pawtucket Zoning Ordinance.

31. The revocation of the Zoning Certificates was unconstitutional

as it denied the Plaintiff its procedural due process rights in violation of 42 U.S.C. § 1983, as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and Article One, Section Two of the Rhode Island Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the denial of its procedural due process rights;

2. Award Plaintiff counsel fees and costs pursuant to 42 U.S.C. § 1983 and § 1988; and

3. Grant such other relief as the Court deems just.

**COUNT II**

**(Substantive Due Process)**

32. Plaintiff, PTO, reincorporates Paragraphs 1 through 31 as if fully realleged herein.

33. The actions of the Defendants denied Plaintiff its substantive due process rights as the denials were arbitrary and capricious and without a rational relation to the health, safety and welfare of the citizens and, therefore was an invalid exercise of police powers.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the denial of its substantive due process rights;

2. Award Plaintiff counsel fees and costs pursuant to 42 U.S.C. § 1983 and § 1988; and

3. Grant such other relief as the Court deems just.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT III**

**(Equitable Estoppel)**

34. Plaintiff, PTO, reincorporates Paragraphs 1 through 33 as if fully realleged herein.

35. Plaintiff relied in good faith on the Zoning Certificates issued by the Defendant Zoning Director's office.

36. As a result of said reliance, Plaintiff expended substantial sums of money and made extensive obligations in moving forward with its business plan.

37. It would be highly inequitable and unjust to destroy the rights that Plaintiff had been assured.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Restrain and enjoin the Defendants from interfering with Plaintiff's lawful use of the Subject Property and from interfering with the rights assured to Plaintiff by the Defendant Zoning Director;

2. Estop Defendants from revoking the Zoning Certificates and from denying their validity;

3. Declare the Planning Director's decision of July 12, 2004 to be null and void and of no force and effect.

4. Award Plaintiff attorneys fees and costs; and

5. Grant such further relief that this Court deems just.

**COUNT IV**

**(Detrimental Reliance)**

38. Plaintiff, PTO, reincorporates Paragraphs 1 through 37 as if fully realleged herein.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

39. Plaintiff relied in good faith on the Zoning Certificates issued by the Defendant Zoning Director's office.

40. As a result of said reliance, Plaintiff expended substantial sums of money and made extensive obligations in moving forward with its business plan.

41. It would be highly inequitable and unjust to destroy the rights that Plaintiff had been assured.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of its reasonable reliance on the actions of the Defendant Zoning Director's office in issuing the Zoning Certificates;

2. Award Plaintiff attorneys fees and costs; and

3. Grant such further relief that this Court deems

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**COUNT V**

**(Interference with Contractual Relations)**

42. Plaintiff, PTO, reincorporates Paragraphs 1 through 41 as if fully realleged herein.

43. Plaintiff entered into valid contracts with third parties in furtherance of its business plan at the Subject Property.

44. Defendants were aware of Plaintiff's business plans and knew or should have known of the existence of said contracts.

45. Defendants intentionally engaged in conduct which prevented Plaintiff's performance of said contracts or caused Plaintiff's performance to be more expensive and burdensome; and

46. Defendant's conduct caused Plaintiff to incur damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the interference with contractual relations including,but not limited to, compensatory damages, consequential damages and lost profits; and

2. Grant such other relief that the Court deems just.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island

**COUNT VI**

**(Interference with Prospective Economic Advantage)**

47. Plaintiff, PTO, reincorporates Paragraphs 1 through 46 as if fully realleged herein.

48. Plaintiff intended to develop the Subject Property consistent with the plans and applications submitted to the Defendant Planning Director and had taken substantial steps toward such development.

49. Defendants were aware of Plaintiff's business and development plans as Plaintiff had submitted its plans to the Defendant Planning Director.

50. As a result of the actions of the Defendants, the Plaintiff suffered damages because it was unable to proceed with its proposed business plans which they would have been able to continue under the aforementioned zoning certificates.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the interference with prospective economic advantage including,but not limited to, damages for preliminary loss of the benefit of the prospective advantage, consequential damages, lost profits and lost business opportunities; and

2. Grant such other relief that the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL LEGAL CLAIMS**

Respectfully submitted,
PAWTUCKET TRANSFER OPERATIONS, LLC
By its Attorneys,
McKinnon & Harwood

John B. Harwood

John B. Harwood (#2093)
Michael E. Sendley (#5591)
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655
(401) 722-9106 (fax)

Date:

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Bk L1/ `8 Pg292 #56
02-27- 003 @ 10:28a

# CITY OF PAWTUCKET

CITY HALL
137 ROOSEVELT AVENUE
PAWTUCKET, RHODE ISLAND 02860

## DIVISION OF ZONING & CODE ENFORCEMENT

**JAMES E. DOYLE**
**MAYOR**

**RONALD F. TRAVERS**
**DIRECTOR**

# CERTIFICATE OF ZONING COMPLIANCE

DATE: February 27, 2003

ASSESSOR'S PLAT: 44

LOT: 559

APPLICANT: Daniel J. Poggi

CORPORATION NAME: Pawtucket Transfer Operations, LLC

D/B/A: Pawtucket Transfer Operations, LLC

BUSINESS ADDRESS: 280 Pine Street

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CERTIFICATE NO. : 2003- 29

THE PROPOSED USE AS DESCRIBED BELOW CONFORMS TO THE ZONING ORDINANCE OF THE CITY OF PAWTUCKET, RHODE ISLAND.

USE: **Refuse Transfer station**
**Manufacturing Open zone**
**Use Regulations Section 410-12-5.(A)**

TODD OLBRYCH, BUILDING OFFICIAL

CITY OF PAWTUCKET

THIS CERTIFICATE DOES NOT AUTHORIZE BUILDING CONSTRUCTION OF ANY TYPE INCLUDING REPAIRS OR RENOVATIONS. SEPARATE BUILDING, ELECTRICAL, PLUMBING OR MECHANICAL PERMITS MAY BE REQUIRED, AS WELL AS NARRAGANSETT BAY COMMISSION APPROVAL.

(401) 728-0500 • FAX (401) 722-3356 • TDD (401) 722-8239

PRINTED ON RECYCLED PAPER

# CITY OF PAWTUCKET

CITY HALL
137 ROOSEVELT AVENUE
PAWTUCKET, RHODE ISLAND 02860

DIVISION OF ZONING & CODE ENFORCEMENT

JAMES E. DOYLE
MAYOR

RONALD F. TRAVERS
DIRECTOR

## CERTIFICATE OF ZONING COMPLIANCE

DATE: September 24, 2002

ASSESSOR'S PLAT: 44

LOT: 559

APPLICANT: Daniel J. Poggi, Jr.

BUSINESS NAME: Pawtucket Railway Hauling, LLC

D/B/A: 0

BUSINESS ADDRESS: 280 Pine Street

CERTIFICATE NO. : 2002- 113

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Rhode Island

THE PROPOSED USE AS DESCRIBED BELOW CONFORMS TO THE ZONING ORDINANCE OF THE CITY OF PAWTUCKET, RHODE ISLAND.

USE: **Refuse transfer station**
**Manufacturing Open zone**
**Use Regulations 410-12.5(I)**
**0**

TODD OLBRYCH, BUILDING OFFICIAL

CITY OF PAWTUCKET

THIS CERTIFICATE DOES NOT AUTHORIZE BUILDING CONSTRUCTION OF ANY TYPE INCLUDING REPAIRS OR RENOVATIONS. SEPARATE BUILDING, ELECTRICAL, PLUMBING OR MECHANICAL PERMITS MAY BE REQUIRED, AS WELL AS NARRAGANSETT BAY COMMISSION APPROVAL.