UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAWTUCKET TRANSFER OPERATIONS, LLC,<br>*Plaintiff,*<br>vs.<br>CITY OF PAWTUCKET, et al.<br>*Defendants.* | C.A. No. 05-520 S |

**ANSWER**

Now come Defendants, City of Pawtucket, by and through its Treasurer, Ronald L. Wunschel, City of Pawtucket Zoning Board of Review, by and through its members, and Michael Cassidy, in his capacity as Director of the City of Pawtucket Planning and Redevelopment Commission, and hereby answer Plaintiff's Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 1 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 5 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint to the extent that "refuse transfer station" and "railroad" uses are permitted but yet limited to "public, semi-public, educational and recreation" uses, as set forth in Section 410-12(5) of the Pawtucket Zoning Ordinance.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 8 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 9 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

10. Defendants admit that Todd Olbrych, Building Official, issued the Certificate of Zoning Compliance referred to in paragraph 10 of Plaintiff's Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

11. Defendants state that the Certificate of Zoning Compliance number 2002-113 speaks for itself and deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 12 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

13. Defendants admit that Todd Olbrych, Building Official, issued the Certificate of Zoning Compliance referred to in paragraph 13 of Plaintiff's Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

14. Defendants state that the Certificate of Zoning Compliance number 2003-29 speaks for itself and deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that Todd Olbrych, Building Official, issued the Certificates of Zoning Compliance referred to in paragraph 15 of Plaintiff's Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 17 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 19 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 20 of Plaintiff's Complaint, and leave Plaintiff to its proof of same.

21. Defendants state that the allegations contained in paragraph 21 of Plaintiff's Complaint seek to paraphrase the July 12, 2004 letter which letter speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint to the extent that they do not comport with said letter.

22. Defendants state that the allegations contained in paragraph 22 of Plaintiff's Complaint seek to paraphrase the July 12, 2004 letter which letter speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint to the extent that they do not comport with said letter.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants state that the allegations contained in paragraph 24 of Plaintiff's Complaint seek to paraphrase Decision 04-61 which Decision speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint to the extent that they do not comport with said Decision.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants reincorporate their answers to paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants reincorporate their answers to paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants reincorporate their answers to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants reincorporate their answers to paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants reincorporate their answers to paragraphs 1 through 41 of Plaintiff's Complaint as if fully set forth herein.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants reincorporate their answers to paragraphs 1 through 47 of Plaintiff's Complaint as if fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint and all allegations of the Complaint not herein specifically admitted.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Defendants plead absolute and qualified immunity as a bar to the within Complaint.

SECOND AFFIRMATIVE DEFENSE

Defendants are immune based on the public duty doctrine.

THIRD AFFIRMATIVE DEFENSE

Defendants are immune to suit pursuant to the doctrine of discretionary immunity and all forms of statutory and common law immunity.

FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendants are not otherwise immune from liability, which is expressly denied, the monetary limitations on damages set forth in RIGL § 9-31-1 et seq. applies to this action.

FIFTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of ripeness.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendants because the Certificate of Zoning Compliance does not create any enforceable rights in the recipient.

Defendants demand a trial by jury.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
Michael A. DeSisto, Esq. (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer was mailed, postage prepaid, on this 29th day of December, 2005, to:

John B. Harwood, Esq. (#2093)
Michael E. Sendley, Esq. (#5591)
McKINNON & HARWOOD
1168 Newport Avenue
Pawtucket, RI 02861