UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAWTUCKET TRANSFER OPERATIONS, LLC,<br>*Plaintiff,*<br>vs.<br>CITY OF PAWTUCKET, et al.,<br>*Defendants.* | C.A. No. 05-520 S |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENTS OF UNDISPUTED AND DISPUTED FACTS**

Now come the Defendants and, in accordance with Rule 12.1 of the Local Rules of the District of Rhode Island for the United States District Court, hereby respond to Plaintiff's Statement of Undisputed Facts and Statement of Disputed Facts, as follows:

1. Defendants must dispute the statement in paragraph 2 of Plaintiff's Statement of Undisputed Facts that Pawtucket Railway Hauling, LLC is Plaintiff's predecessor in interest because Plaintiff has not produced any evidence to support this statement.

2. Defendants must dispute the statements in paragraphs 4 and 7 of Plaintiff's Statement of Undisputed Facts that Mr. Olbrych had actual express authority to sign the Certificates. He did not have actual authority to sign and whether he had actual authority is a legal determination to be made by the Court.

3. Defendants must dispute the statements in paragraphs 8 through 11, both inclusive, because Plaintiff has not produced sufficient evidence to support these statements.

4. Defendants must dispute the statements made in paragraph 12 because the Site Plan Request Form was filed with the Pawtucket City Planning Commission and sought permission to operate a railroad shipping operations/transfer station for refuse. The Site Plan Request Form is attached to Defendants' Memorandum as Exhibit A.

5. Defendants must dispute the statements in paragraphs 13 and 14 because Plaintiff has not produced any evidence to support these statements.

6. Defendants must dispute the statements in paragraph 15 because Mr. Cassidy did not ask for evidence of Plaintiff's lease but for a letter from P&W identifying the agreement for specific uses at the site listed according to RIDEM definitions. Mr. Cassidy's request was transmitted in a letter to Plaintiff dated April 6, 2004 which letter speaks for itself and is attached to Defendants' Reply Memorandum as Exhibit I.

7. Defendants must dispute the statements in paragraph 16 because of Plaintiff's characterization of the letter from Ms. Tanona, General Counsel of P&W dated April 28, 2004. The agreement to lease the Property to Plaintiff was subject to the execution of a mutually agreeable lease agreement and subject to Plaintiff's ability to obtain the necessary permits to develop the Property. This letter speaks for itself and is attached to Defendants' Reply Memorandum as Exhibit J.

8. Defendants must dispute the statements in paragraph 17 because of the characterization of the letter, which letter speaks for itself and is attached to Defendant's Memorandum as Exhibit F. Furthermore, neither the letter nor Mr. Cassidy asserted that Plaintiff was not entitled to a hearing. In fact, Plaintiff received a hearing.

9. Defendants must dispute the statements in paragraph 18 because Plaintiff has not presented sufficient evidence that it could not continue to pursue its DEM application or continue its other plans for the Property. In fact, Plaintiff did proceed by filing an appeal of Mr. Cassidy's decision to the Pawtucket Zoning Board and Superior Court and, if Plaintiff's other statements are to be believed, continued to develop its business plans.

10. Defendants must dispute the statements in paragraph 19 because Plaintiff has not presented any evidence to support these statements and the evidence produced by Plaintiff clearly demonstrates that Plaintiff had not entered into any contracts.

11. Defendants must dispute the statements in paragraph 20 because the decision appealed was whether Plaintiff would need to obtain a use variance from the Zoning Board before the Second Site Plan Application could be heard by the City Planning Commission.

12. Defendants must dispute the statement in paragraph 23 that states the Superior Court held that the City's actions were arbitrary and capricious and its interpretation of local law unjustified. The Superior Court decision, which is attached to Defendants' Memorandum as Exhibit G, speaks for itself. This statement was not the holding of the oral bench decision.

13. Defendants must dispute the statements in paragraphs 24 and 25 because Plaintiff has not produced sufficient evidence to support these statements and legal conclusions.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto, Esq. (#2757)
Michael A. DeSisto, Esq. (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com
michael@desistolaw.com

CERTIFICATION

I hereby certify that this document has been electronically filed with the Court and is available for viewing and downloading from the ECF system.

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)