UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAWTUCKET TRANSFER OPERATIONS, LLC, Plaintiff | : | |
| vs. | : | C.A. No. 05-520S |
| CITY OF PAWTUCKET, by and through its TREASURER, RONALD L. WUNSCHEL, CITY OF PAWTUCKET ZONING BOARD OF REVIEW, by and through its MEMBERS, MICHAEL CASSIDY, Individually and in his capacity as Director of the City of Pawtucket Planning and Redevelopment Commission | : | |

# **AMENDED COMPLAINT**

## **Parties**

1. Plaintiff, Pawtucket Transfer Operations, LLC (hereafter "PTO" or "Plaintiff"), is a limited liability company authorized to do business in the State of Rhode Island with offices located in the city of Warwick, Rhode Island.

2. Defendant, City of Pawtucket is a Rhode Island municipal corporation.

3. Defendant, City of Pawtucket Zoning Board of Review, is a municipal body authorized to review appeals taken by aggrieved parties from decisions of any zoning enforcement agency or officer or the City Planning Commission (hereafter "Zoning Board").

4. Defendant, Michael Cassidy is made a defendant herein in his individual capacity and in his official capacity as Director of the City of Pawtucket Planning and Redevelopment Commission

(hereafter "Planning Director").

## **Factual Allegations**

5. PTO has a leasehold interest in property owned by Providence and Worcester Railroad and located at City of Pawtucket tax assessor's plat 44, lot 559, which has a street address of 280 Pine Street, Pawtucket, Rhode Island (hereafter the "Subject Property").

6. The Subject Property is located in a Manufacturing Open (MO) zoning district in the City of Pawtucket.

7. "Refuse transfer station" and "Railroad" are specifically PERMITTED uses in MO zoning districts under the terms and provisions of the Pawtucket Zoning Ordinance.

8. PTO's business plan includes transferring non-petrucible refuse material and transloading other lawful commodities on an existing railway line that runs through the Subject Property.

9. In or about September 2002, Pawtucket Railway Hauling, LLC, a predecessor in interest to PTO, sought a Certificate of Zoning Compliance from the Director of the City of Pawtucket Division of Zoning and Code Enforcement (hereafter "Zoning Director"), pursuant to §410-96 of the Pawtucket Zoning Ordinance, relating to the use of the Subject Property as a "refuse transfer station".

10. On or about September 24, 2002, the Pawtucket Division of Zoning and Code Enforcement issued Certificate of Zoning Compliance No. 2002-113, and recorded same in the City of

Pawtucket Land Evidence Records (a copy of said Certificate of Zoning Compliance No. 2002-113 is attached hereto and fully incorporated herein by reference).

11. Certificate of Zoning Compliance No. 2002-113, above-referenced, stated that the applicant's proposed use of the Subject Property as a "refuse transfer station" "conforms to the Zoning Ordinance of the City of Pawtucket, Rhode Island".

12. In or about February 2003, PTO itself sought a Certificate of Zoning Compliance from the Zoning Director pursuant to §410-96 of the Pawtucket Zoning Ordinance, relating to the use of the Subject Property as a "refuse transfer station".

13. On or about February 27, 2003, the Pawtucket Division of Zoning and Code Enforcement issued Certificate of Zoning Compliance No. 2003-29, and recorded same in the City of Pawtucket Land Evidence Records (a copy of said Certificate of Zoning Compliance No. 2003-29 is attached hereto and fully incorporated herein by reference).

14. Certificate of Zoning Compliance No. 2003-29, above-referenced, stated that PTO's proposed use of the Subject Property as a "refuse transfer station" "conforms to the Zoning Ordinance of the City of Pawtucket, Rhode Island".

15. The two Certificates of Zoning Compliance, No.s 2002-113 and 2003-29 (hereafter collectively referred to as the "Certificates of Zoning Compliance"), were issued by the Pawtucket Division of Zoning and Code Enforcement over the signature and pre-printed name of Todd Olbrych, the building official of the City of

Pawtucket.

16. Upon information and belief, Todd Olbrych had actual and apparent authority to issue the Certificates of Zoning Compliance for the City of Pawtucket.

17. Upon information and belief, Todd Olbrych has on numerous occasions, both before and after the date of issuance of the Certificates of Zoning Compliance that are the subject of this Complaint, issued certificates of zoning compliance for other properties within the City of Pawtucket without challenge by any agent or official of the City of Pawtucket.

18. Subsequent to the issuance of the Certificates of Zoning Compliance to PTO and its predecessor, PTO expended substantial sums of money, made improvements to the Subject Property, and otherwise made business commitments in anticipation of conducting its business at the Subject Property.

19. But for the issuance of the Certificates of Zoning Compliance, PTO would not have expended substantial sums of money, made improvements to the Subject Property, and otherwise made business commitments in anticipation of conducting its business at the Subject Property.

20. Subsequent to the issuance of the Certificates of Zoning Compliance, PTO submitted an application for site plan review concerning the Subject Property to the Pawtucket Department of Planning and Redevelopment pursuant to local regulations.

21. PTO attached the Certificates of Zoning Compliance, previously issued, to its application for site plan review.

22. In a letter dated July 12, 2004, the Defendant Planning Director rejected PTO's application for site plan review, which was submitted over a year earlier, as incomplete and stated that there was "some question as to whether the Certificate of Zoning Compliance that had been issued in February 2003 had correctly identified your <u>use</u> as an allowed <u>use</u>" (emphasis added).

23. The Defendant Planning Director further determined in said letter that the Pawtucket Zoning Ordinance only permitted public or semi-public refuse transfer stations in an MO zoning district under Section 410-12(5) of the Pawtucket Zoning Ordinance.

24. The July 12, 2004 determination of the Defendant Planning Director that the Division of Zoning and Code Enforcement was in error and his refusal to accept the Certificates of Zoning Compliance was a usurpation of the legal authority of the Division of Zoning and Code Enforcement and was beyond his authority and ultra vires.

25. At all times material hereto, the Defendant Planning Director has capriciously and maliciously acted and failed to act, with predisposition and predetermination, to purposefully delay, hinder, interfere with and/or deny the rights of PTO to receive due process and to develop and use the Subject Property as state and municipal laws permit, and has egregiously and intentionally interfered with PTO's contractual and prospective economic relations.

26. In his capacity as the Administrative Officer of the Planning and Redevelopment Commission, Planning Director Cassidy possessed

no powers regarding zoning other than to coordinate with the Zoning Officer, and therefore had no authority to issue the forgoing July 12, 2004 opinion, pursuant to R.I. Gen. Laws § 45-24-54 and § 410-93 of the Pawtucket Zoning Ordinance (which grants the power to interpret and enforce the provisions of the zoning ordinance to the Zoning Officer).

27. Although Planning Director Cassidy had no authority to issue the foregoing opinion, and although the substance of the opinion was blatantly incorrect based upon the clear language of the Pawtucket Zoning Ordinance, out of an abundance of caution, on or about July 28, 2004, PTO filed an appeal of the Planning Director's opinion to the Defendant Zoning Board.

28. The Defendant Zoning Board, in Decision 04-61 rendered on or about December 28, 2004, upheld the Defendant Planning Director's decision of July 12, 2004, above-referenced, to revoke the previously issued Certificates of Zoning Compliance, despite never eliciting or receiving testimony from the Pawtucket Zoning Officer.

29. The said decisions of the Defendants Planning Director and Zoning Board have adversely affected the rights of PTO.

30. As a direct and proximate result of the said decisions of the Defendants Planning Director and Zoning Board, PTO suffered and continues to suffer damages.

31. This action is brought pursuant to Article One, Sections Two and Sixteen of the Rhode Island Constitution, the Fifth and Fourteenth Amendments of the United States Constitution and

Section 1983 of Title 42 of the United States Code.

32. PTO alleges that the acts of the City of Pawtucket and its agents complained of herein violate the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution; and Article One, Sections Two and Sixteen of the Rhode Island Constitution.

33. Based on the nature of the conduct of defendants and the foundation of these claims in part on federal and state constitutional law, the amount of PTO's damages is not limited or constrained by the Rhode Island Governmental Tort Liability Act, R.I.G.L. §9-31-3.

**COUNT I**

**(Procedural Due Process)**

34. Plaintiff, PTO, reincorporates Paragraphs 1 through 33 as if fully realleged herein.

35. The Defendants unlawfully revoked the Certificates of Zoning Compliance without authority and in violation of the procedural requirements set forth in the Pawtucket Zoning Ordinance.

36. The Defendants' actions and failures to act as aforesaid violated PTO's right to procedural due process under Article One, Section Two of the Rhode Island Constitution, the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, and Section 1983 of Title 42 of the United States Code.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the denial of its procedural due process rights;

2. Award Plaintiff counsel fees and costs pursuant to 42 U.S.C. § 1983 and § 1988; and

3. Grant such other relief as the Court deems just.

**COUNT II**

**(Substantive Due Process)**

37. Plaintiff, PTO, reincorporates Paragraphs 1 through 36 as if fully realleged herein.

38. The Defendants have engaged in arbitrary, egregious and irrational abuses of their governmental powers in a manner which bears no rational relationship to any legitimate governmental interest and amounts to illegal spot zoning and an effort to delay, hinder and prevent PTO from making use of the Subject Property in a manner permitted by state and local law.

39. The Defendants' actions and failures to act as aforesaid violated PTO's right to substantive due process under Article One, Section Two of the Rhode Island Constitution, the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, and Section 1983 of Title 42 of the United States Code.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the denial of its substantive due process rights;

2. Award Plaintiff counsel fees and costs pursuant to 42

U.S.C. § 1983 and § 1988; and

3. Grant such other relief as the Court deems just.

**COUNT III**

**(Equal Protection)**

40. Plaintiff, PTO, reincorporates Paragraphs 1 through 39 as if fully realleged herein.

41. Through their actions and failures to act as aforesaid, defendants have discriminated against PTO in a manner that bears no reasonable relationship to any legitimate governmental or public interest, and arbitrarily imposes restrictions on a discriminatory basis specific to the Subject Property.

42. Defendants actions have accomplished an irrational and discriminatory classification in violation of PTO's rights to equal protection of the law under Article One, Section Two of the Rhode Island Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and Section 1983 of Title 42 of the United States Code.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the denial of its substantive due process rights;

2. Award Plaintiff counsel fees and costs pursuant to 42 U.S.C. § 1983 and § 1988; and

3. Grant such other relief as the Court deems just.

**COUNT IV**

**(Equitable Estoppel)**

43. Plaintiff, PTO, reincorporates Paragraphs 1 through 42 as if fully realleged herein.

44. Plaintiff relied in good faith on the Certificates of Zoning Compliance issued by the Defendant Zoning Director's office.

45. As a result of said reliance, Plaintiff expended substantial sums of money and made extensive obligations in moving forward with its business plan.

46. It would be highly inequitable and unjust to destroy the rights that Plaintiff had been assured.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Restrain and enjoin the Defendants from interfering with Plaintiff's lawful use of the Subject Property and from interfering with the rights assured to Plaintiff by the Defendant Zoning Director;

2. Estop Defendants from revoking the Certificates of Zoning Compliance and from denying their validity;

3. Declare the Planning Director's decision of July 12, 2004 to be null and void and of no force and effect.

4. Award Plaintiff attorneys fees and costs; and

5. Grant such further relief that this Court deems just.

**COUNT V**

**(Detrimental Reliance)**

47. Plaintiff, PTO, reincorporates Paragraphs 1 through 46 as if fully realleged herein.

48. Plaintiff relied in good faith on the Certificates of Zoning Compliance issued by the Defendant Zoning Director's office.

49. As a result of said reliance, Plaintiff expended substantial sums of money and made extensive obligations in moving forward with its business plan.

50. It would be highly inequitable and unjust to destroy the rights that Plaintiff had been assured.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of its reasonable reliance on the actions of the Defendant Zoning Director's office in issuing the Certificates of Zoning Compliance;

2. Award Plaintiff attorneys fees and costs; and

3. Grant such further relief that this Court deems just.

**COUNT VI**

**(Interference with Contractual Relations)**

51. Plaintiff, PTO, reincorporates Paragraphs 1 through 50 as if fully realleged herein.

52. Plaintiff entered into valid contracts with third parties in furtherance of its business plan at the Subject Property.

53. Defendants were aware of Plaintiff's business plans and knew or should have known of the existence of said contracts.

54. Defendants intentionally engaged in conduct which prevented Plaintiff's performance of said contracts or caused Plaintiff's performance to be more expensive and burdensome; and

55. Defendant's conduct caused Plaintiff to incur damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the interference with contractual relations including, but not limited to, compensatory damages, consequential damages and lost profits; and

2. Grant such other relief that the Court deems just.

**COUNT VII**

**(Interference with Prospective Economic Advantage)**

56. Plaintiff, PTO, reincorporates Paragraphs 1 through 55 as if fully realleged herein.

57. Plaintiff intended to develop the Subject Property consistent with the plans and applications submitted to the Defendant Planning Director and had taken substantial steps toward such development.

58. Defendants were aware of Plaintiff's business and development plans as Plaintiff had submitted its plans to the Defendant Planning Director.

59. As a result of the actions of the Defendants, the Plaintiff suffered damages because it was unable to proceed with its proposed business plans which they would have been able to continue under the aforementioned Certificates of Zoning Compliance.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages incurred as a result of the interference with prospective economic advantage including, but

not limited to, damages for preliminary loss of the benefit of the prospective advantage, consequential damages, lost profits and lost business opportunities; and

2. Grant such other relief that the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL LEGAL CLAIMS**

Respectfully submitted,
PAWTUCKET TRANSFER OPERATIONS, LLC
By its Attorneys,
McKinnon & Harwood

John B. Harwood (#2093)
Michael E. Sendley (#5591)
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655
(401) 722-9106 (fax)

Date: