UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAWTUCKET TRANSFER OPERATIONS, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF PAWTUCKET, et al.<br><br>*Defendants.* | C.A. No. 05-520 S |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now come Defendants—City of Pawtucket, by and through its Treasurer, Ronald L. Wunschel, City of Pawtucket Zoning Board of Review, by and through its members, and Michael Cassidy, individually and in his capacity as Director of the City of Pawtucket Planning and Redevelopment Commission—and hereby answer Plaintiff's Amended Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 1 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

2. Defendants admit the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Defendants admit that Michael Cassidy is Director of the City of Pawtucket Planning and Redevelopment Commission and deny the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiff's Amended Complaint to the extent that "refuse transfer station" and "railroad" uses are permitted but yet limited to "public, semi-public, educational and recreation" uses, as set forth in Section 410-12(5) of the Pawtucket Zoning Ordinance.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 8 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 9 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

10. Defendants admit that Todd Olbrych, Building Official, issued the Certificate of Zoning Compliance referred to in paragraph 10 of Plaintiff's Amended Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

11. Defendants state that the Certificate of Zoning Compliance number 2002-113 speaks for itself and deny the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 12 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

13. Defendants admit that Todd Olbrych, Building Official, issued the Certificate of Zoning Compliance referred to in paragraph 13 of Plaintiff's Amended Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

14. Defendants state that the Certificate of Zoning Compliance number 2003-29 speaks for itself and deny the remaining allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants admit that Todd Olbrych, Building Official, issued the Certificates of Zoning Compliance referred to in paragraph 15 of Plaintiff's Amended Complaint and attached to the Complaint and deny the remaining allegations of said paragraph.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 17 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 20 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth regarding the allegations contained in paragraph 21 of Plaintiff's Amended Complaint, and leave Plaintiff to its proof of same.

22. Defendants state that the allegations contained in paragraph 22 of Plaintiff's Amended Complaint seek to paraphrase the July 12, 2004 letter which letter speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 22 of Plaintiff's Amended Complaint to the extent that they do not comport with said letter.

23. Defendants state that the allegations contained in paragraph 23 of Plaintiff's Amended Complaint seek to paraphrase the July 12, 2004 letter which letter speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 23 of Plaintiff's Amended Complaint to the extent that they do not comport with said letter.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants admit that Plaintiff filed an appeal to the Zoning Board and deny the remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28. Defendants state that the allegations contained in paragraph 28 of Plaintiff's Amended Complaint seek to paraphrase Decision 04-61 which Decision speaks for itself. Therefore, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Amended Complaint to the extent that they do not comport with said Decision.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants reincorporate their answers to paragraphs 1 through 33 of Plaintiff's Amended Complaint as if fully set forth herein.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants reincorporate their answers to paragraphs 1 through 36 of Plaintiff's Amended Complaint as if fully set forth herein.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40. Defendants reincorporate their answers to paragraphs 1 through 39 of Plaintiff's Amended Complaint as if fully set forth herein.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants reincorporate their answers to paragraphs 1 through 42 of Plaintiff's Amended Complaint as if fully set forth herein.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of Plaintiff's Amended Complaint.

47. Defendants reincorporate their answers to paragraphs 1 through 46 of Plaintiff's Amended Complaint as if fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51. Defendants reincorporate their answers to paragraphs 1 through 50 of Plaintiff's Amended Complaint as if fully set forth herein.

52. Defendants deny the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

56. Defendants reincorporate their answers to paragraphs 1 through 55 of Plaintiff's Amended Complaint as if fully set forth herein.

57. Defendants deny the allegations contained in paragraph 57 of Plaintiff's Amended Complaint.

58. Defendants deny the allegations contained in paragraph 58 of Plaintiff's Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of Plaintiff's Amended Complaint and all allegations of the Amended Complaint not herein specifically admitted.

<u>AFFIRMATIVE DEFENSES</u>

FIRST AFFIRMATIVE DEFENSE

Defendants plead absolute and qualified immunity as a bar to the within Complaint.

SECOND AFFIRMATIVE DEFENSE

Defendants are immune based on the public duty doctrine.

THIRD AFFIRMATIVE DEFENSE

Defendants are immune to suit pursuant to the doctrine of discretionary immunity and all forms of statutory and common law immunity.

FOURTH AFFIRMATIVE DEFENSE

To the extent that Defendants are not otherwise immune from liability, which is expressly denied, the monetary limitations on damages set forth in RIGL § 9-31-1 et seq. applies to this action.

FIFTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of ripeness.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendants because the Certificate of Zoning Compliance does not create any enforceable rights in the recipient.

EIGHTH AFFIRMATIVE DEFENSE

Defendant Cassidy is not liable in his individual capacity.

NINTH AFFIRMATIVE DEFENSE

Defendants assert all applicable defenses relating to the statute of limitations and laches.

**Defendants demand a trial by jury.**

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. Desisto*

Marc DeSisto, Esq. (#2757)
Michael A. DeSisto, Esq. (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com
Email: michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on January 12, 2006, and is available for viewing and downloading from the ECF system.

*/s/ Michael A. DeSisto*

Michael A. DeSisto, Esq.