UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAWTUCKET TRANSFER OPERATIONS, LLC,

*Plaintiff,*

vs.

C.A. No. 05-520 S

CITY OF PAWTUCKET, et al.

*Defendants.*

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Now come the Defendants and, in accordance with Rule 12.1 of the Local Rules of the District of Rhode Island for the United States District Court, hereby submit that the following facts are undisputed:

1. On or about August 1, 2003, Plaintiff submitted a Site Plan Review Request Form ("Site Plan Application") to the Pawtucket City Planning Commission seeking permission to operate a "railroad shipping operations/transfer station for refuse" on a parcel of land located at 280 Pine Street, Pawtucket, Rhode Island (the "Parcel").

2. Plaintiff filed a Certificate of Zoning Compliance, dated February 27, 2003, ("Zoning Certificate") with the Site Plan Application.

3. The Zoning Certificate was signed by Todd Olbrych, Building Official.

4. The Zoning Certificate stated that a refuse transfer station was a use that conformed to the Pawtucket Zoning Ordinance for the Parcel.

5. On August 5, 2003, by letter, Plaintiff requested that the City Planning Commission schedule a hearing for August 2003. The letter stated that Plaintiff was "in the process of permitting this project through the Rhode Island Department of Environmental Management (RIDEM)." According to the letter, Plaintiff was advised by RIDEM to pursue City approval of the project concurrent with RIDEM permitting.

6. On August 12, 2003, Michael Cassidy, the Department of Planning and Redevelopment Director, responded by requesting, among other things, a copy of the RIDEM application to allow the City Planning Commission to undertake a thorough, accurate and complete review of the site plan and project request. As a result, no hearing was held by the City Planning Commission.

7. On February 27, 2004, RIDEM notified Plaintiff, through its duly authorized representative, that it had reviewed Plaintiff's license application for its proposed "C&D [Construction and Demolition] Processing Facility and for a proposed Solid Waste Transfer Station" located at the Parcel. RIDEM noted that the application had many defects which would result in the application being denied if not completely addressed.

8. On March 30, 2004, Plaintiff filed a second Site Plan Application ("Second Site Plan Application") with the City Planning Commission.

9. The use enumerated in the Second Site Plan Application Plan Application was changed to "Railroad terminal and construction and demolition debris transfer station."

10. The Second Site Plan Application was incomplete requiring Plaintiff to submit additional information.

11. Plaintiff produced the additional documents on or about April 28, 2004.

12. Michael Cassidy acknowledged receipt of the Second Site Plan Application by letter dated April 29, 2004. The letter stated that it was the opinion of the Planning Department that the Zoning Certificate was issued in error. The cited Zoning Board section – 410-12.5(I) - referred to public refuse transfer stations as being an allowable use. Plaintiff was proposing a private transfer station. Therefore, the Planning Department had referred the matter over to the City's Law Department for a legal opinion on whether Plaintiff's proposed use was allowed under the Zoning Ordinance.

13. On July 12, 2004, Mr. Cassidy notified Plaintiff, by letter, that the Law Department had determined that a private refuse transfer station was not an allowed use under Section 410-12 (5) of the Zoning Ordinance. Further, Plaintiff's RIDEM license application listed the use as a construction and demolition debris processing facility. This use was not an allowed use in any zone in the City of Pawtucket. Therefore, Plaintiff would need to obtain a use variance from the Zoning Board before the Second Site Plan Application could be heard by the City Planning Commission.

14. On or about July 28, 2004, Plaintiff filed an appeal of the City Planning Commission's decision to the Zoning Board of Appeals pursuant to § 410-15.1(H)(4) of the Zoning Ordinance. In addition, Plaintiff filed an application for a use variance with the Zoning Board.

15. This use variance application was subsequently withdrawn by Plaintiff on October 6, 2004.

16. Plaintiff's appeal was heard and denied by the Zoning Board on November 9, 2004.

17. Plaintiff then filed an appeal of the Zoning Board's decision to the Providence County Superior Court entitled *"Pawtucket Transfer Operations, LLC vs. City of Pawtucket Zoning Board of Review (Sitting as Board of Appeals) C.A. No. 05-159."*

18. On June 22, 2006, the Superior Court issued a bench decision in favor of Plaintiff ruling that a refuse transfer station was a permitted use for the Parcel.

19. When the Zoning Certificate was issued by Todd Olbrych to Plaintiff, Mr. Olbrych was not the Director of the Division of Zoning and Code Enforcement of the City of Pawtucket.

20. The Director of the Division of Zoning and Code Enforcement of the City of Pawtucket at the time the Zoning Certificate was issued was (and is presently) Ronald F. Travers.

21. Plaintiff has not received approval from the RIDEM to operate a refuse transfer station or a construction and demolition debris transfer station on the Parcel.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto, Esq. (#2757)
Michael A. DeSisto, Esq. (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system.

*/s/ Michael A. DeSisto*

Michael A. DeSisto, Esq.