UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAWTUCKET TRANSFER
OPERATIONS, LLC,

*Plaintiff,*

vs. C.A. No. 05-520 S

CITY OF PAWTUCKET, et al.,

*Defendants.*

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENTS OF UNDISPUTED AND DISPUTED FACTS**

Now come the Defendants and, in accordance with Rule 56(a) of the Local Rules of the District of Rhode Island for the United States District Court, hereby respond to Plaintiff's Statement of Disputed Facts and Statement of Undisputed Facts (Documents 31 and 32) as follows:

**Statement of Disputed Facts (Document 31)**

Defendants object to Plaintiff's Statement of Disputed Facts to the extent that each statement constitutes legal conclusions and not facts.

**Statement of Undisputed Facts (Document 32)**

1. Defendants must dispute the statement in paragraph 4 of Plaintiff's Statement of Undisputed Facts that Pawtucket Railway Hauling, LLC is Plaintiff's predecessor in interest because Plaintiff has not produced sufficient evidence to support this statement.

2. Defendants must dispute the statements in paragraphs 6 and 9 of Plaintiff's Statement of Undisputed Facts that Mr. Olbrych had actual express authority to sign the Certificates. He did not have actual authority to sign and whether he had actual authority is a legal determination to be made by the Court.

3. Defendants must dispute the statements in paragraph 10 of Plaintiff's Statement of Undisputed Facts because Plaintiff has not produced sufficient evidence to support this statement.

4. Defendants must dispute the statements in paragraph 11 of Plaintiff's Statement of Undisputed Facts because the Plaintiff has not identified what procedures it followed in obtaining the Certificate of Zoning Compliance.

5. Defendants must dispute the statements in paragraphs 12 through 15, both inclusive, because Plaintiff has not produced sufficient evidence to support these statements.

6. Defendants must dispute the statements made in paragraph 16 because the Site Plan Request Form was filed with the Pawtucket City Planning Commission and sought permission to operate a railroad shipping operations/transfer station for refuse. *The Site Plan Request Form is attached to Defendants' Memorandum (Document 27) as Exhibit A.*

7. Defendants must dispute the statements in paragraphs 17 and 18 because Plaintiff has not produced sufficient evidence to support these statements.

8. Defendants must dispute the statements in paragraph 19 because Mr. Cassidy did not ask for evidence of Plaintiff's lease but for a letter from P&W identifying the agreement for specific uses at the site listed according to RIDEM definitions. Mr. Cassidy's request was

transmitted in a letter to Plaintiff dated April 6, 2004 which letter speaks for itself. *Mr. Cassidy's letter is attached to Defendants' Memorandum as Exhibit I.*

9. Defendants must dispute the statements in paragraph 20 because of Plaintiff's characterization of the letter from Ms. Tanona, General Counsel of P&W, dated April 28, 2004. The agreement to lease the Property to Plaintiff was subject to the execution of a mutually agreeable lease agreement and subject to Plaintiff's ability to obtain the necessary permits to develop the Property. *Ms. Tanona's letter is attached to Defendants' Memorandum as Exhibit J.*

10. Defendants must dispute the statements in paragraph 21 because of the characterization of the letter, which letter speaks for itself. *Mr. Cassidy's letter is attached to Defendant's Memorandum as Exhibit F*. Furthermore, neither the letter nor Mr. Cassidy asserted that Plaintiff was not entitled to a hearing. In fact, Plaintiff received a hearing.

11. Defendants must dispute the statements in paragraph 22 because Plaintiff has not presented sufficient evidence that it could not continue to pursue its DEM application or continue its other plans for the Property. In fact, Plaintiff did proceed by filing an appeal of Mr. Cassidy's decision to the Pawtucket Zoning Board and Superior Court and, if Plaintiff's other statements are to be believed, continued to develop its business plans.

12. Defendants must dispute the statements in paragraph 23 because Plaintiff has not presented any evidence to support these statements and the evidence produced by Plaintiff clearly demonstrates that Plaintiff had not entered into any contracts.

13. Defendants must dispute the statements in paragraph 24 because the decision appealed was whether Plaintiff would need to obtain a use variance from the Zoning Board before the Second Site Plan Application could be heard by the City Planning Commission.

14. Defendants must dispute the statement in paragraph 27 that states the Superior Court held that the City's actions were arbitrary and capricious and its interpretation of local law unjustified. *The Superior Court decision, which is attached to Defendants' Memorandum as Exhibit G, speaks for itself.* This statement was not the holding of the oral bench decision. Further, the City filed a petition for writ of certiorari, with the Rhode Island Supreme Court, on the Superior Court decision. The Rhode Island Supreme Court accepted the City's petition for writ of certiorari on March 8, 2007.

15. Defendants must dispute the statements in paragraphs 28 and 29 because Plaintiff has not produced sufficient evidence to support these statements and legal conclusions.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
*/s/ Michael A. DeSisto*

Marc DeSisto (#2757)
Michael A. DeSisto (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com
michael@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on May 16, 2007, that it is available for viewing and downloading from the ECF system, and that counsel of record listed below will receive notice via the ECF system.

John B. Harwood ..................contact@mckinnonharwood.com
Michael E. Sendley ...............contact@mckinnonharwood.com

*/s/ Michael A. DeSisto*

Michael A. DeSisto